[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANTS' MOTIONS TO STRIKE
In this case, the plaintiff, a minor child, claims he became lead poisoned while residing in premises owned by the defendants Commerce Properties, Inc. ("Commerce") and managed by the defendant Norman, Inc. ("Norman"). The first through seventh counts of the plaintiff's Revised Complaint dated August 12, 1996 are directed against Commerce and the eighth through fourteenth counts are directed against Norman. Commerce has moved to strike counts 1, 3, 4, 5, and 7. Norman adopted Commerce's motion to strike.[1]
This court has already decided the issues raised by the motions in Sanchez v. General Urban Corp. , Superior Court, judicial district of New Haven, Docket No. 378774 (Feb. 6, 1997, Lager, J.) ("Sanchez") and Lovick v. Nigro, Superior Court, CT Page 7645 judicial district of Hartford-New Britain at Hartford, Docket No. 542473 (Feb. 21, 1997, Lager, J.) ("Lovick"). Accordingly, the court rules as follows:
(a) The motions to strike counts 1 and 8, alleging negligence per se, are denied. Sanchez; Lovick.
(b) The motions to strike counts 3 and 10, alleging absolute nuisance, and counts 4 and 11, alleging abnormally dangerous activity, are granted. Sanchez; Lovick.
(c) The motions to strike counts 5 and 12, alleging implied warranty of habitability, and counts 7 and 14, alleging CUTPA, are denied. Lovick.
LINDA K. LAGER, JUDGE